————o————

R. H. HUNT, Respondent, *vs.* MARY J. BOUTON, ADM'X OF ESTATE OF H. B. BOUTON, dec'd, Appellant.

1. *Probate court, demand filed in—Appeal to circuit court—Cause of action, change in.*—A demand filed in the probate court for a sum claimed to be due for two and fourteen hundredths acres of land, "may be amended, on appeal to the circuit court, to one for the same sum stating that the amount was overpaid on the purchase of decedent's land," there being a deficit of two and fourteen hundredths acres at $250 per acre. The amendment would not change the cause of action, and such being the fact, the court may permit it. (Wagn. Stat. 120, § 8; compare Id. 850, § 18.)

*Appeal from Jackson County Circuit Court.*

The following was the demand filed in the probate court:
"The estate of Henry B. Bouton, deceased.

To R. H. Hunt,  Dr.

To 2$\frac{14}{100}$ acres of land, at $250 per acre, $535.00

Interest 3 years,  96.30
_____

Total am't due,  $631.30"

*Geo. A. & A. T. Black*, for Appellant.

*W. E. Sheffield*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originating in the probate court of Jackson county, on a demand in favor of the plaintiff, against the decedent's estate, which was expressed to be for two and fourteen hundredths acres of land at $250 per acre, with interest thereon. In the probate court the demand was allowed, and judgment was rendered in favor of plaintiff. The administratrix then appealed to the circuit court, where a trial anew was had, and plaintiff again had judgment, from which an appeal was taken to this court.

In the circuit court the statement of the demand was amended, showing that the amount claimed was for money overpaid in the sale of land, there being a deficit of two and fourteen hundredths acres at the price of $250 per acre. To the filing of this amended statement the defendant objected, but the court overruled the objection, and the action of the court in this regard constitutes the main controversy.

In reference to appeals from the probate to the circuit court, the statute says : "Upon the filing of such transcript and papers in the office of the clerk of the circuit court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the court having probate jurisdiction. (Wagn. Stat. 120, § 8.)

The statute in regard to appeals from justices' courts provides that the same cause of action, and no other, that was tried before the justice, shall be tried in the appellate court, upon the appeal. And under this provision it has been held that the plaintiff may amend his statement in the appellate court, but he cannot change his cause of action. The same proceedings are had upon an appeal from the county court as upon an appeal from a justice of the peace. The cause is heard, tried and determined anew, and as there are no pleadings in either of the courts, errors, defects

and imperfections are disregarded.   We entertain no doubt as to the power of the court to permit a change of the statement, and the only question is whether it changed the cause of action.   The original demand was an account for money due for the value of of two and, fourteen hundredths acres of land.   The amended statement claimed the same amount for the same quantity of land; and the only difference was, that it set out with more fullness and detail the manner in which the claim originated.   In no sense can it be regarded as a different cause of action.   It is identically the same, with a fuller or different statement.

It seems that the controversy grew out of an exchange of property.   The decedent sold his property to the plaintiff, estimating that it contained seventeen acres, at the price of two hundred and fifty dollars per acre, but there was an agreement that if there was more than seventeen acres then plaintiff was to pay him at the rate agreed upon for the excess, and if there was a deficiency then he was to refund to the plaintiff the proper proportion.   Upon a survey being made, it was found that there was a deficiency of two and fourteen hundredths acres, and it was for this that the amount was claimed.

It is insisted that the proof of this agreement was inadmissible, because it was secondary evidence.   The evidence was clear and explicit, and by the agent, a brother of the decedent, who conducted the negotiations between the parties.   There was a writing of the agreement testified to by him, placed in the hands of a young unmarried man, and this young man had been dead for several years.   What became of the written agreement in his possession was not known.   He had his office with the decedent, and upon these facts the court admitted the evidence, and we are not prepared to say that such error was committed as would justify a reversal.

We think that the judgment should be affirmed, and it will be so ordered ; the other judges concur.